UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| JAMYIA MOORE, | ) | |
| | ) | |
| *Plaintiff*, | ) | **Civil Action File No.** |
| | ) | |
| v. | ) | |
| | ) | |
| KELLY SERVICES USA, LLC and | ) | |
| RELISH LABS LLC | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendants*. | ) | |

## COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby files this Complaint against Defendants Kelly Services USA, LLC ("Kelly") and Relish Labs LLC ("Relish") (collectively, "Defendants"). for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). In support thereof, Plaintiff states as follows:

## I. NATURE OF THE ACTION

1.    Plaintiff brings this action to remedy sexual harassment and retaliation in the workplace. Defendants subjected Plaintiff to a hostile work environment and retaliated against her for opposing sexual harassment, ultimately terminating her employment.

- 1 -

2.     Plaintiff seeks all legal and equitable relief available under Title VII, including declaratory and injunctive relief, back pay, front pay, compensatory and punitive damages, and attorneys' fees and costs.

## II. JURISDICTION AND VENUE

3.     This Court has subject-matter jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

4.     Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 over any viable state-law claims arising from the same nucleus of operative facts.

5.     Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in the Northern District of Georgia.

## III. PARTIES

6.     Plaintiff is a resident of the State of Georgia and, at all relevant times, was jointly employed by Defendants Kelly and Relish.

7.     Defendant Kelly is a foreign limited liability company licensed to conduct business in Georgia and may be served through its registered agent on file with the Georgia Secretary of State.

8.    Defendant Relish Labs LLC is a for-profit company licensed to conduct business in Georgia and may be served through its registered agent on file with the Georgia Secretary of State.

9.    At all relevant times, Defendants employed more than fifteen (15) employees for each working day in at least twenty (20) calendar weeks, making them "employers" under Title VII.

## IV. ADMINISTRATIVE PROCEEDINGS

10.    On or about May 1, 2023, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging sexual harassment and retaliation.

11.    Plaintiff's Charge was dual-filed with the appropriate state agency, if any, and Plaintiff has satisfied all administrative prerequisites prior to filing this lawsuit.

12.    Plaintiff files this action within ninety (90) days of receiving a Notice of Right to Sue from the EEOC.

## V. STATEMENT OF FACTS

13.    Defendant Relish operates a meal kit delivery service. Defendant Kelly is a global staffing agency. At all relevant times, Plaintiff was jointly employed by Defendants at a production facility in Lithia Springs, Georgia.

14. Plaintiff began working at Relish on or about February 10, 2023, as a Sanitation Associate.

15. Kelly Account Manager Jonathan Landis supervised Plaintiff's assignment.

16. Soon after Plaintiff started working, a coworker named Mr. Jones subjected her to unwelcome and inappropriate conduct, including staring at her and making personal comments about her life outside work.

17. On or about March 30, 2023, while Plaintiff was bending down to pick something up, Mr. Jones touched her buttocks without her consent.

18. Plaintiff immediately told Mr. Jones not to touch her.

19. Mr. Jones responded by cursing and arguing with Plaintiff.

20. Plaintiff reported the incident to the Safety Associates, who seemed to favor Mr. Jones's version of events and took no meaningful steps to protect Plaintiff.

21. Plaintiff escalated the matter to Human Resources ("HR"), but HR also failed to address her concerns effectively. Instead, HR indicated that telling Mr. Jones "Do not touch me" could be considered misconduct on her part.

22. HR threatened Plaintiff with possible termination if she insisted on formally documenting the incident. Ultimately, both Plaintiff and Mr. Jones received only a verbal warning and were told to return to work.

23. Defendants in retaliation reassigned Plaintiff from the production floor to a more isolated and physically strenuous role in the dish room. This reassignment followed shortly after her complaint about Mr. Jones.

24. Fearing further retaliation, Plaintiff did not push the issue. However, the working conditions in the dish room were difficult, and she requested a transfer to a Production Associate position approximately a month later to escape the continued isolation and hardship.

25. On or about May 1, 2023, Plaintiff filed a formal Charge of Discrimination with the EEOC, alleging sexual harassment and retaliation due to the events described above.

26. Shortly after filing her Charge, Plaintiff continued working until, in or about June 2024, Defendants terminated her assignment.

27. Defendants' termination decision, coming soon after Plaintiff's EEOC filing, was a direct act of retaliation for her opposition to sexual harassment and her formal complaint to the EEOC.

28. As a result of Defendants' conduct, Plaintiff has suffered lost wages and benefits, emotional distress, humiliation, and other damages.

## VI. COUNT I: SEXUAL HARASSMENT UNDER TITLE VII

29. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint.

30. Plaintiff is a member of a protected class under Title VII.

31. Mr. Jones's unwelcome and offensive touching and comments created a hostile or abusive work environment, which unreasonably interfered with Plaintiff's ability to perform her job.

32. Plaintiff complained to HR, but Defendants failed to take prompt and adequate remedial measures.

33. Instead, they effectively punished Plaintiff by reassigning her to a more difficult role, thereby exacerbating the hostile environment.

34. Defendants' actions violated Title VII's prohibitions on sexual harassment, resulting in damages to Plaintiff.

35. Plaintiff seeks all damages available by law.

## VII. COUNT II: RETALIATION UNDER TITLE VII

36. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint.

37.     Plaintiff engaged in protected activity when she complained of sexual harassment internally and filed a Charge of Discrimination with the EEOC on or about May 1, 2023.

38.     Defendants responded with adverse actions, including but not limited to (1) threatening her with termination if she pursued the complaint, (2) reassigning her to more burdensome duties, and (3) ultimately firing her in June 2024.

39.     A causal link exists between Plaintiff's protected activity and the adverse actions taken against her, as evidenced by the temporal proximity between the filing of her EEOC Charge and her termination.

40.     Defendants' retaliation violates Title VII, causing Plaintiff to suffer lost wages, emotional distress, and other damages.

41.     Plaintiff seeks all damages available by law.

**WHEREFORE**, Plaintiff demands a trial by jury and for the following relief:

(a)     A declaratory judgment that Defendants engaged in unlawful employment practices in violation of Title VII;

(b)     An injunction prohibiting Defendants from engaging in further unlawful employment practices;

- 8 -

(c)     An award of back pay and benefits to compensate Plaintiff for the income and benefits she would have received but for Defendants' illegal actions, together with prejudgment interest;

(d)     An award of front pay or reinstatement, as the Court deems appropriate;

(e)     Compensatory damages for Plaintiff's emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in an amount to be determined by the enlightened conscience of the jury;

(f)     Punitive damages in an amount sufficient to punish Defendants and deter future similar misconduct;

(g)     Reasonable attorneys' fees and costs of this action; and

(h)     Nominal damages and any other and further relief as the Court deems just and proper.

Respectfully submitted this 12th day of March, 2025.

/s/ J. Stephen Mixon
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com
Attorney for Plaintiff

THE MIXON LAW FIRM
3344 Peachtree Rd. Suite 800
Atlanta, GA 30326
Telephone: (770) 955-0100
Facsimile: (678) 999-5039